THE FLOUR CITY NATIONAL BANK OF ROCHESTER, Appellant, v. THE TRADERS' NATIONAL BANK OF ROCHESTER, Respondent.

By the system of exchanges established among the banks in the city of R. commercial paper held by one bank, payable at another on being presented at maturity instead of being paid, was marked " certi-

fied " and held by the bank presenting it as an item of credit in the exchange account between it and the certifying bank. This account of each day was settled on the following day and the balance was paid by the debtor bank. The City Bank of R. holding a time-draft, payable at plaintiff's bank, presented it at maturity, and in accordance with the custom it was marked " certified " and retained by the City Bank. The balance of the exchange account for that day, crediting the City Bank with said draft, was in favor of plaintiff. The City Bank had also an exchange account with defendant, but for a month previous to the day in question it had required the City Bank to settle each day the balance of that day. To settle a balance due defendant on the day in question, the City Bank transferred to defend-ant the certified draft. The City Bank was then insolvent and stopped business at the close of that business day. Defendant presented and claimed the draft as an item of credit in its exchange account for the day with plaintiff, which the latter refused to allow. In an action to recover the balance of the account, *held*, that defendant was charged with notice that the certification was not made for the purposes of negotiation, but was intended to be used simply as a voucher in settling the exchanges between plaintiff and the City Bank, and so, that it had been diverted from the purpose for which it had been made; that defendant, therefore, was not a purchaser in good faith, but took the draft subject to plaintiff's equities and to the result of the settlement of the account for the day between it and the City Bank.

(Argued April 26, 1887; decided May 10, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the October Term, 1885 which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

This action was brought to recover a balance alleged to be due plaintiff from defendant on its exchange account for December 19, 1882.

The material facts are stated in the opinion.

*Thomas C. Montgomery* for appellant. The defendant is not entitled to credit for the certified Gordon acceptance in its account with the plaintiff, because it took that acceptance with knowledge that its transfer by the City Bank was a diversion of it to the plaintiff's damage, and was in violation of the plaintiff's right, and of the City Bank's duty   (*Davis*

v. *Spencer*, 24 N. Y. 386; *Morehouse* v. *Second Nat. Bk.*, 98 id. 509; *Belden* v. *State*, 103 id. 9; *Evans* v. *Kymen*, 1 Barn. & Adol. 528.) The Gordon acceptance when presented for payment at maturity and "certified," was thereby canceled and served only as a memorandum that the City Bank was entitled to credit for the amount of it in the exchanges the next morning. (*Irving Bk.* v. *Wetherhald*, 36 N. Y. 337; *Mead's Rec'r* v. *Merch. Bk.*, 25 id. 148; *Warwick* v. *Rogers*, 5 M. & G. 340, 346; 44 Eng. C. L. R. 184; 16 N. Y. 125; *First Nat. Bk.* v. *Leach*, 52 N. Y. 353; Chitty on Bills, 100; 2 Par. on Bills, 215; *Comstock* v. *Hier*, 73 N. Y. 269· *Bk. of Niagara* v. *McCracken*, 18 Johns. 493.)

*William F. Cogswell* for respondent. The certificate of the Flour City Bank was, in effect at least, its certificate of deposit, payable on demand to the holder. It did not become dishonored until after actual demand and refusal to pay. (*Merch. Bk.* v. *State Bk.*, 10 Wall. 604, 648; *Farmers & Mech. Bk.* v. *B. & D. Bk.*, 28 N. Y. 428; *Willet* v. *Phœnix Bk.*, 2 Duer. 121; *Nolan* v. *Nat. Banking Ass'n*, 67 Barb. 24; *Meads* v. *Merch. Bk.*, 25 N. Y. 143.) As a certificate of deposit, payable to bearer, it is not dishonored until after actual presentation and demand. (2 Daniel on Neg. Inst. 641; *Nat. Bk. of Ft. Edw.* v. *Wash. Co. Nat. Bk.*, 5 Hun, 605; *Pardee* v. *Fish*, 60 N. Y. 271; *Merritt* v. *Todd*, 23 id. 28; *Munger* v. *Alb. City Nat. Bk.*, 85 id. 580; 16 id. 144.)

Rapallo, J. By the system of exchanges established among the banks in the city of Rochester, commercial paper held by either of such banks, payable at any of the others, on being presented at maturity at the bank at which it was made payable, instead of being paid on presentation, was marked by the teller of the bank, where payable, "certified," and was then returned to the bank which had presented it, for the purpose of being held as an item of credit to such bank in its exchange account for the day with the certifying bank and being off-set, against any similar credit in favor of that bank against the. other, which might arise during the same day for paper pre-

sented at and certified by it.   On the following day these
exchange accounts were compared and the balance only was
paid by the debtor bank to the other.   Under this system the
purpose of the certification was not to furnish to the bank
receiving it a negotiable instrument, which might be put in
circulation, but simply to furnish it with a voucher or memor-
andum, to be used as a credit on the settlement, the next day,
of its exchange account with the certifying bank.   If paper
certified under these circumstances should be used by the bank
receiving it, as negotiable paper, and passed off as such to any
one who would receive it, it is evident that the exchange
system could not subsist.

All the banks concerned in the present litigation were
doing business in the city of Rochester, and were parties to
this system of exchanges, and had exchange accounts with
each other.   The plaintiff and the defendant had an exchange
account with each other and each had an exchange account
with the City Bank of Rochester.   On the 19th of December,
1882, a draft for $800, drawn by Wellington Bros. & Co.,
upon Gordon, payable at one day's sight to the order of the
cashier of the City Bank of Rochester and accepted by Gordon
on the fifteenth of December, payable at the Flour City Bank
of Rochester (the plaintiff), was presented by the City Bank of
Rochester to the plaintiff, it having matured on the nine-
teenth.   Instead of paying it, the plaintiff, in accordance with
the exchange system, marked it " certified " and returned it to
the City Bank, to be used the next day in the settlement of its
exchanges with the plaintiff, charging it to Gordon as having
been paid.   On the same day the plaintiff held commercial
paper payable at the City Bank of Rochester, and on presenting
it at that bank received its certifications, in lieu of payment, to
the amount of over $1,900, which were held by the plaintiff
to be charged to the City Bank on the settlement of the
exchange account, leaving a balance at the close of the day's
transactions in favor of the plaintiff against the City Bank of
over $1,100, after crediting the $800 draft.   At the close of
the same day (December 19, 1882), there was a balance due to

the plaintiff from the defendant on its exchange account for the day, and on the morning of the twentieth of December the items of the previous day in favor of the plaintiff in its exchange account with the defendant amounted to $26,423.15, and were undisputed, and the defendant in settlement of this amount, sent in to the plaintiff $21,790.59 in cash and an account of items which it claimed in its favor, amounting to $4,632.56, but in which was included the before mentioned $800 Gordon acceptance which had been certified by the plaintiff on the nineteenth for the City Bank of Rochester, and which belonged in the exchange account of the plaintiff with the City Bank of Rochester.

The City Bank of Rochester had finally stopped business at the close of the businsss day, on the nineteenth of December, and was then insolvent and did not afterward resume.

The plaintiff, on the morning of December twentieth, on discovering that the Gordon acceptance was among the items of credit claimed by the defendant in its exchange account, refused to allow it, and immediately returned it to the defendant with a statement that the plaintiff had off-sets to a much larger amount in its account with the City Bank. The defendant insisted on being credited with the Gordon acceptance and has never paid the balance of $800 claimed by the plaintiff, and hence this action.

The trial court found that defendant had received the certified Gordon acceptance from the City Bank of Rochester, on the 19th of December, 1882, under the following circumstances : Although by the usual custom between the banks the exchanges were to be made on the day following the certifications, the defendant, instead of exchanging with the City Bank in the usual way, had, for a month previous to the 19th of December, 1882, required of the City Bank a settlement each day, of the balance of that day, instead of settling on the morning after. On the nineteenth of December, on exchanging their respective demands due on that day, there was found due from the City Bank to the defendant a balance of $8,000, and the said Gordon acceptance, certified by the plaintiff,

was thereupon transferred by the City Bank to the defendant as a payment of $800 of that balance, the remainder being otherwise paid, and the defendant surrendering its demands against the City Bank in consideration of such payment and transfer.

It was further found by the trial court that prior to November 19, 1882, the exchanges between the defendant and the City Bank had been settled in accordance with the general custom among banks before stated, that is, on the day after the paper became due, and was certified, but that the defendant had adopted the course of requiring from the City Bank a settlement on the same day, because it was unwilling to give credit to the City Bank. That this Gordon acceptance was taken by the defendant from the City Bank under circumstances which charged the defendant with notice that it was intended to be used in settling the exchanges between the plaintiff and the City Bank. That the intention of the plaintiff in certifying the Gordon acceptance instead of paying it, was that it might be off-set by any cash demands which the plaintiff might have against the City Bank, and that such certification carried with it notice of such intention to the defendant, and that the defendant took the said Gordon acceptance with notice that it was diverted from the purpose for which it had been certified by the plaintiff. On the nineteenth of December, and before the Gordon acceptance was passed off by the City Bank to the defendant, the City Bank had certified paper held by the plaintiff to the amount of $1,900.

On the first trial of this action the Special Term held that the certification in question was not negotiable, and rendered judgment in favor of the plaintiff. This judgment was reversed at General Term and a new trial ordered. On the second trial the court at Special Term, conforming to the decision at General Term, rendered judgment for the defendant, and that judgment was affirmed, and the plaintiff now appeals to this court.

It is claimed on the part of the plaintiff that the certification being of an acceptance payable on time, was notice that

the paper had matured and been presented for payment at maturity, and that as to all the parties to the bill the certification was a payment which discharged them, and the paper had lost its negotiable character. On the other hand it is claimed that although all the parties to the bill were discharged, and as to them the paper had ceased to be negotiable, yet as to the bank certifying it, the certification was equivalent to a certificate of deposit payable to bearer on demand, and as such was negotiable as against the bank.

We do not deem it necessary to pass upon this question, because, to entitle the holder of the certification to recover upon it without regard to the equities between the certifying bank and the party to whom the certification had been issued, it was necessary, not only that it should be negotiable, but that the party claiming on the certification should have received it in good faith and without notice of those equities. It seems to us that the defendant in this case does not, under the facts found, occupy that position. The defendant received the certification with notice that it represented an item merely in the exchange account between the City Bank of Rochester and the plaintiff, and that whether anything would be due or payable upon it would depend upon the state of the exchange account between those two banks at the close of the day. That it was certified for the purpose of being used in the settlement of that account. This was notice that it was intended as a mere voucher and was not made for purposes of negotiation, and it is expressly found that the defendant took it with notice that in transferring it to them the City Bank was diverting it from the purpose for which it had been certified by the plaintiff. It matters not that the defendant did not know the actual state of the exchange account between the City Bank and the plaintiff. As matter of fact it appears from the findings that at the time the defendant received the plaintiff's certification from the City Bank it had been more than paid by certifications which had been made by that bank, and were held by the plaintiff. But it is not necessary that the defendant should have had

notice of that fact. It knew that there was an exchange account between the plaintiff and the City Bank, and that the certification was subject to the settlement of that account on the following day, and also that, in the ordinary course of business, it was probable that the City Bank held paper certified by the plaintiff against which this certification was applicable. By insisting on the City Bank settling with it on the nineteenth, contrary to the general custom, because it doubted the credit of the City Bank, and taking from it this certification for that purpose, it was endeavoring to cast upon the plaintiff, in case it had off-sets, the risk which it was itself unwilling to incur, and to subject the plaintiff to the chance of the City Bank providing other means, if required, of meeting its liabilities to the plaintiff. Whatever might have been the rights of an innocent party taking the certified draft in ignorance of the purpose for which the certification had been made, and of the right of the plaintiff to apply it on a pending account, we cannot hold, in the face of the facts found, that the defendant in taking this paper from a failing bank, under the circumstances, became a holder in good faith. It purchased what it knew to be a mere voucher for an item in an account to be settled, and necessarily took it subject to the result of the settlement of that account.

The judgment of the General and Special Terms should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.